IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David James, #181333, | C. A. No. 2:09-1227-TLW-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Robert M. Stevenson, III, Warden of Broad River Correctional Institution, | |
| Respondent. | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding *pro se* and *in forma pauperis* is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on September 10, 2009. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The Petitioner, David James, is currently incarcerated in Broad River Correctional Institution of the South Carolina Department of Corrections pursuant to an order of commitment from the Clerk of Court for Richland County. Petitioner was indicted in September 2001 for knowingly exposing others to human immunodeficiency virus (HIV), criminal sexual conduct, first degree, and taking hostages. Lesley Coggiola, Esquire, and Samuel Mokeba, Esquire, represented Petitioner on the charges. The State noticed Petitioner its intent to seek a life without

1

parole sentence pursuant to the state recidivist statute. (Trial Transcript, pp. 384-385). A jury trial was held July 15-16, 2002, before the Honorable Henry F. Floyd, then South Carolina Circuit Judge. The jury convicted Petitioner as charged. (Trial Transcript, p. 380). The judge sentenced Petitioner to life without the possibility of parole on the criminal sexual conduct conviction, consecutive to the sentence he was then serving for criminal sexual conduct, first degree[1]; thirty (30) years on the taking of hostages conviction, also consecutive, and ten (10) years for knowingly exposing his victim to HIV, also consecutive. (Trial Transcript, p. 388).

Petitioner appealed. Tara S. Taggart, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal. Appellate counsel filed a Final <u>Anders</u> Brief of Appellant in the South Carolina Court of Appeals on June 24, 2003, and raised the following issue:

> Whether the trial judge erred in denying the motion for a directed verdict.

(<u>Anders</u> Brief, p. 3).

---

[1] Petitioner was then serving a sentence of twenty-five (25) years imprisonment for a criminal sexual conduct first degree conviction from Florence County imposed September 12, 1991. (See Trial Transcript, p. 385 (though the Solicitor referenced September 13, 1991, the sentencing sheet for 91-GS-21-915, criminal sexual conduct first degree, reflects September 12, 1991)).

2

On December 31, 2003, the South Carolina Court of Appeals issued an unpublished opinion dismissing the appeal. The Court of Appeals issued the remittitur on February 4, 2004.

On July 14, 2004, Petitioner filed a post-conviction relief ("PCR") action and made the following allegations of error:

    (a)   Defective Indictment;

    (b)   Ineffective assistance of counsel in that counsel did not inform Petitioner of his right to appeal and did not properly investigate the case.

On July 21, 2004, Petitioner filed a second PCR application alleging ineffective assistance of counsel. On August 16, 2005, the two actions were merged. The State made its initial return on September 21, 2004, and an amended return on August 10, 2005. Tara Dawn Shurling, Esquire, represented Petitioner in the action. On December 1, 2006, PCR counsel filed an amendment to the PCR application, and raised the following issues:

> 1. Trial counsel was ineffective for neglecting to adequately explain the Applicant's sentencing exposure to him.
>
> 2. Trial counsel was ineffective for neglecting to discuss with the Applicant the possible lesser included offense to which he might offer to plead to avoid a sentence of life without parole.

(December 1, 2006, Amended Application).

An evidentiary hearing was held January 9, 2007, before the Honorable Casey L. Manning. By order dated April 16, 2007, Judge Manning denied relief. In pertinent part, Judge Manning held:

> As to the allegation that trial counsel was ineffective for neglecting to adequately explain the Applicant's sentencing exposure to him, this court finds this claim is without merit. It is clear that both lead counsel and secondary counsel discussed the exposure to Applicant. It is clear that Applicant never intended to take a plea offer and only wants a plea offer after being convicted. It appears that Applicant has a case of "buyers remorse." ...
> As to the allegation that trial counsel was ineffective for neglecting to discuss with the Applicant the possible lesser included offenses to which he might offer to plead to avoid a sentence of life without parole, this Court finds this claim is without merit. It is clear from the testimony that the solicitor was not offering any special deals other than to avoid Life Without Parole. Counsel cannot be held ineffective in failing to convey a lesser included offense that was never offered by the solicitor. ...
> As to the allegation that trial counsel was ineffective for failing to convey the plea offer to Applicant personally, this Court finds this claim is without merit. Ms. Caggiola testified that Applicant never wanted a plea and therefore it would have made no difference who conveyed the plea offer to Applicant. Ms. Coggiola and Mr. Mokeba testified that Applicant understood their conversations and that he was very articulate in his discussions of the case. As Respondent put it so eloquently in his closing statement, "[y]ou can't make someone do what they don't want to do."

Petitioner appealed and M. Celia Robinson, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented him on appeal. Counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on December 5, 2007, and raised the following issues:

> I. Did the PCR judge err in denying relief despite trial counsel's providing ineffective

4

assistance in failing to personally meet with
petitioner to explain and discuss plea
negotiations and in failing to explain his
sentencing exposure and possible lesser included
offenses?

II. Did the PCR judge err in denying relief where
trial counsel was ineffective in failing to
request that petitioner be evaluated for
competence?

III. Did the PCR judge err in denying relief where
trial counsel was ineffective in failing to object
to trial judge's mistaken interpretation of the
law which affected sentencing?

(Cert. Petition, p. 2).

The Supreme Court of South Carolina denied the petition on November 6, 2008, and issued the remittitur on November 24, 2008.

On January 30, 2009, Petitioner filed another PCR action, also alleging ineffective assistance of counsel. As of the filing of the Respondent's return on September 10, 2009, the action was pending in the Richland County Court of Common Pleas.

Petitioner filed the instant action on May 11, 2009, and made the following claims of error:

> Ground One: My trial Attorney's Lesley Coggiola
> and Public Defender Samuel Mokeba violated my
> rights by not advising me of a guilty plea that
> would of keep me from receiving a life sentence
> conviction;
>
> Ground Two: My trial attorney's fail to repersent
> me to their best which attroney's could of got a
> deal that that was offer to me which I did not
> know a deal was offer til after my trial.
>
> Ground Three: Trial attorney's fail to inform me
> of my guilty plea offer.

> Ground Four: At my trial my attorney's invises me
> to not take guilty plea offer that they can beat
> charges.

(Habeas Petition, pp. 6-11)(errors and misspellings in original).

On September 10, 2009, the petitioner was provided a copy of the respondents' motion for summary judgment and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The petitioner filed an opposition to the motion on September 21, 2009. Hence it appears consideration of the motion is appropriate.

Attached and incorporated by reference are the following documents:

   1. July 15-16, 2002, Trial Transcript;

   2. State's Exhibit 2 (Petitioner's Written Voluntary Statement);

   3. January 9, 2009, PCR Evidentiary Hearing Transcript;

   4. Direct Appeal Documents, including: Final Anders Brief of Appellant; State v. James, Unpublished Opinion, February 4, 2004, Remittitur;

   5. PCR Documents, including: July 14, 2004, PCR Application; July 21, 2004, PCR Application; Return; Amended Return; Order of Merger; Amended Application for Post-Conviction Relief; Order of Dismissal;

   6. PCR Appeal Documents, including: Petition of Writ of Certiorari; Return to Petition for Writ of Certiorari; November 6, 2008, Order (denying petition); November 24, 2008, Remittitur;

7. 2009 PCR Application.

**APPLICABLE LAW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action filed in 2008. Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The Supreme Court expounded upon this language in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495 (2000). Writing for the majority with respect to this matter, Justice O'Connor stated that a state court's decision can be contrary to the Supreme Court's precedent in two ways: first, "if the state court

7

arrives at a conclusion opposite to that reached by [the] Court on a question of law." Id. at 405, 120 S. Ct. at 1519. Second, the state court's decision is "contrary to [the] Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" that of the Supreme Court. Id.

Justice O'Connor further stated that "[t]he text of § 2254(d)(1) ... suggests that the state court's decision must be substantially different from the relevant precedent of [the] Court." Id. She added that a "state-court decision will also be contrary to [the] Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Id. at 406, 120 S. Ct. at 1519-20. Even if "the federal court considering the prisoner's habeas application might reach a different result applying" relevant Supreme Court precedent, so long as the state court applied the correct legal rule from Supreme Court cases such a "run-of-the-mill" state court decision could not be deemed "contrary to" Supreme Court precedent. Id. at 406, 120 S. Ct. at 1520.

As for the "unreasonable application" prong of § 2254(d)(1), Justice O'Connor stated that a state court decision involves an unreasonable application of the Court's precedent if the state

8

court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. Id. at 407, 120 S. Ct. at 1520.

Justice O'Connor added that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411, 120 S. Ct. at 1522. In making the "unreasonable application" inquiry, "a federal habeas court . . . should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 120 S. Ct. at 1521.

In another change brought by the AEDPA, 28 U.S.C. § 2254(e)(1) now states that a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence. ... The touchstone for a reasonable determination is "whether the determination is at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir.), cert. denied, 522 U.S. 819, 118 S. Ct. 72 (1997).

## THE HABEAS CORPUS EXHAUSTION REQUIREMENT

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas corpus. Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375, 118 S. Ct. 1352 (1998) (citing Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497 (1977)); see also, 28 U.S.C. § 2254(b). The theory of exhaustion is based on 28 U.S.C. § 2254, which gives the federal court jurisdiction of habeas petitions. See generally O'Sullivan v. Boerckel, 526 U.S. 838, 119 S. Ct. 1728, (1999). The court's exhaustion requirements under § 2254 are explained in Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir.), cert. denied, 522 U.S. 833, 118 S. Ct. 102 (1997). "In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to 'exhaust' all state court remedies before a federal district court can entertain his claims." Id.

Thus, a federal habeas court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Id. "The burden of proving that a claim has been exhausted lies with the petitioner. The exhaustion requirement, though not jurisdictional, is strictly enforced." Id. (citations omitted). Additionally, a claim has not been exhausted unless the substance of a petitioner's claim is "fairly presented" to the state courts. The Matthews court explained,

> [t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not suffice. In other words, fair presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court.

105 F.3d at 911.

In order to exhaust his collateral claims in state court, a South Carolina habeas corpus petitioner must pursue a direct appeal and/or file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 - 160 (2003). As the South Carolina Supreme Court has explained: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In Re Exhaustion of State Remedies in Criminal and

Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

**PROCEDURAL DEFAULT**

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural default of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. See, e.g., Smith v. Murray, 477 U.S. 527, 533, 106 S. Ct. 2661, 2665-66 (1986).

Procedural default can occur at any level of the state proceedings if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Furthermore, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. A petitioner must also raise all grounds raised but denied at the PCR hearing level in his subsequent petition to the South Carolina Supreme Court

for a writ of certiorari from the denial of PCR if he is to preserve them for consideration here.

## THE RELATIONSHIP BETWEEN EXHAUSTION AND PROCEDURAL DEFAULT

If a petitioner in federal court has failed to raise a claim in state court at the appropriate juncture and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed (or defaulted) his opportunity for relief in the state courts. Under these circumstances, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews, 105 F.3d at 911 (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 2557 n.1 (1991)); Teague v. Lane, 489 U.S. 288, 297-98, 109 S. Ct. 1060, 1068-69 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). In other words, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. Teague, 489 U.S. at 297-98.

## EXCUSING PROCEDURAL DEFAULT

Notwithstanding the foregoing, the requirement of exhaustion is not jurisdictional, and a federal court may consider claims which have not been presented to the highest South Carolina court with jurisdiction to hear the claim in very limited circumstances. Cranberry v. Greer, 481 U.S. 129, 131, 107 S. Ct. 1671, 1673-74 (1989). A federal court will review a procedurally

13

defaulted claim if the petitioner can demonstrate cause for the default and actual prejudice therefrom or his actual innocence of the crimes for which he is being held. Coleman, 501 U.S. at 750, 111 S. Ct. at 2565 (1991). In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n.24, 119 S. Ct. 1936, 1949 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986)). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996). Moreover, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446, 120 S. Ct. 1587 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Next, with respect to establishing "actual prejudice," a petitioner generally must show some error. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054, 121 S. Ct. 661 (2000). In addition, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm, to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), aff'd, 521 U.S. 151, 117 S. Ct. 1969 (1997). To prevail under this theory, a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, id., or his sentence, Matthews, 105 F.3d at 916. It is a habeas petitioner's burden to raise cause and prejudice or actual innocence; if these are not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171, 116 S. Ct. 1575 (1996).

**DISCUSSION**

A review of the record and relevant case law reveals that the petition should be denied and summary judgment is appropriate.

Petitioner claims in grounds one, two, and three, that counsel failed to inform him of a guilty plea offer; and, in ground four, he claims that counsel advised him not to take the guilty plea offer. Respondent correctly argued that all claims are procedurally barred.

In this case, Petitioner was represented by one public defender, Coggiola, for approximately one year before trial. (PCR

Transcript, p. 15). No offers were made during this time; however, immediately before trial, a second public defender, Mokeba, joined in representing Petitioner. (PCR Transcript, pp. 15-16; p. 22). Mokeba received a plea offer from the prosecutor and conveyed it to Petitioner, talked to Petitioner's relatives at Petitioner's direction, and encouraged Petitioner to take the plea offer. (PCR Transcript, pp. 25-26; pp. 30-31). Coggiola testified that Petitioner did not wish to plead guilty, and had insisted the sex acts were consensual. (See PCR Transcript, pp. 15-17). Mokeba testified that Petitioner also told him that the sex acts were consensual and that he refused to plead guilty. (PCR Transcript, pp. 25-26). At the PCR hearing, Petitioner's PCR counsel offered that first counsel who had been originally appointed did not personally participate in the plea offer process. (See PCR Transcript, p. 23; pp. 31-34). Petitioner testified simply that he never received the plea offer. (PCR Transcript pp. 6-7). The PCR judge rejected Petitioner's allegation of counsel error based upon the failure to convey a plea offer to Petitioner personally because Mokeba did convey the offer and that Petitioner never wanted a plea offer. (Order of Dismissal pg. 6).

Petitioner argued in his PCR appeal that counsel was ineffective for "failing to personally meet with petitioner to explain and discuss plea negotiations and in failing to explain

his sentencing exposure and possible lesser included offenses."
(Cert. Petition, p. 2, Issue I). Petitioner's present claims of
failure to inform at all are defaulted as they are substantially
different. He apparently argues here that no one explained the
plea offer to him before trial. This is inconsistent with his
argument at PCR, and the PCR judge's findings, and his PCR appeal
argument, which focused exclusively on the failure of Coggiola to
personally convey the offer. Therefore it appears that the first
three grounds have been procedurally defaulted.

In his fourth and final ground for relief, Petitioner claims
that counsel advised him not to take a plea offer because he
could win at trial. This claim was never presented anywhere and
is also defaulted.

Petitioner has not demonstrated cause and prejudice for his
default and cannot show actual innocence to excuse the default.
The victim testified fully at trial, Petitioner gave a statement
to investigators admitting the sexual assault, and Petitioner
admitted at the PCR hearing that he was guilty of taking a
hostage.

Nonetheless, even if these claims were not barred, he is not
entitled to relief here. First, the PCR judge clearly identified
and utilized the correct error and prejudice standard of
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).
(Order of Dismissal, pp. 4-5). Second, as demonstrated above,

the record supports the PCR judge's ruling that Petitioner was advised as to the plea offer, but simply did not wish to plead guilty. Petitioner could show neither an unreasonable application of law or an unreasonable determination of facts. The respondent is entitled to judgement as a matter of law.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the respondent's motion for summary judgment be granted and this matter ended.

>Respectfully Submitted,
>
>Robert S. Carr
>United States Magistrate Judge

Charleston, South Carolina

November 10, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).